JS 44   (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Shiobhan Morin
7 Ivywood Place
Trumbell, CT

### DEFENDANTS
Crossmark, Inc.
5100 Legacy Drive
Plano, TX 75024

**(b)** County of Residence of First Listed Plaintiff: Fairfield County, CT
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
PAUL, REICH & MYERS, P.C.
1608 Walnut Street, Suite 500
Philadelphia, PA 19103
215-735-9200

Attorneys *(If Known)*
Fish & Richardson P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
214-747-5070

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities Other / **Other:** ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. 201 et seq.

Brief description of cause:
Plaintiff performed work for Defendant as an hourly-paid employee and was not paid for all of said work that was performed.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 14,117.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: Judge Norma Shapiro
DOCKET NUMBER: 2:11-cv-00960

DATE: 02/15/2013
SIGNATURE OF ATTORNEY OF RECORD: /s/ Richard P. Myers, Esq.

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

PAUL, REICH & MYERS, P.C.
Richard P. Myers, Esq.
Suite 500, 1608 Walnut Street,
Philadelphia, PA 19103
215-735- 9200

RALPH A. POWELL ESQUIRE, P.C.
Ralph A. Powell, Esq.
526 Pineville Road
Newtown, PA 18940
215-439-7781

Attorneys for Plaintiff

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHIOBHAN MORIN,<br><br>       Plaintiff,<br>  v.<br><br>CROSSMARK, INC., a Corporation,<br><br>       Defendant. | CIVIL ACTION<br><br>No.<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

Plaintiff, Shiobhan Morin, ("Plaintiff"), by and through her attorneys Richard P. Myers, Esquire and Ralph A. Powell, Esquire, hereby files this Complaint against Defendant Crossmark, Inc., ("Defendant" or "Crossmark"), pursuant to the *Fair Labor Standards Act,* 29 U.S.C. §§ 201 *et seq.* ("FLSA" or "the Act"), and for her cause of action states as follows:

### THE PARTIES - PLAINTIFF

1. Plaintiff is an individual and citizen of the state of Connecticut, who resides at 7 Ivywood Place, Trumbell, Connecticut.

2. Plaintiff was employed by Crossmark as an hourly-paid Retail Representative from August 2008 to February 2009.

1

## THE PARTIES - DEFENDANT

3. Defendant is engaged in the business of providing in-store marketing and retail merchandising services to a variety of consumer products companies including, among others, Frito-Lay, General Mills, Fuji Film, Johnson & Johnson and Kraft Foods. Defendant provides its customers with services that include in-store promotional events, in-store merchandising, and supply chain optimization services at supermarkets, convenience stores, and drug stores, along with other specialty trade channels.

4. Defendant provides business services to its clients on a national basis, including within the Commonwealth of Pennsylvania and, more particularly, within the Eastern District of Pennsylvania.

5. Defendant Crossmark, Inc. is a Delaware corporation with its principal place of business located at 5100 Legacy Drive, Plano, Texas 75024.

## JURISDICTION AND VENUE

6. This action is brought pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, to remedy violations of the FLSA by Defendant that denied Plaintiff of her lawful wages. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant is duly licensed to do business in the Commonwealth of Pennsylvania and actively conducts business in the Eastern District of Pennsylvania.

## ALLEGATIONS

8. At all times material to this action, Plaintiff was an "employee" of Defendant as defined by § 203 of the FLSA.

9. The wage and overtime provisions of the FLSA, as set forth in §§ 206 and 207 of the Act respectively, apply to Defendant. Plaintiff was covered by §§ 206 and 207 of the Act

while employed on an hourly basis by Defendant.

10. At all times material to this action, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203(f)(1) of the FLSA, and, based on knowledge, information, and belief, had annual gross sales that greatly exceeded $500,000.

11. At all times material to this action, Plaintiff was engaged in commerce.

12. Plaintiff believes, and therefore avers, that she worked more than forty hours during numerous workweeks while employed by Defendant for which she was not fully compensated and/or for which she was improperly paid at rates less than one and one-half times her normal hourly pay rate.

13. As set forth more fully below, Plaintiff believes, and therefore avers, that Defendant instituted policies and/or practices to unlawfully avoid the wage and overtime provisions of the FLSA, and thereby willfully denied Plaintiff straight-time and overtime wages to which she was entitled.

14. More particularly, at all relevant times hereto, Plaintiffs was employed by Defendant and classified as a Retail Representative.

15. Plaintiff was paid $11.00 per hour by Defendant.

16. Plaintiff received job assignments from Defendant on her home computer, and she called on Defendant's clients in state of Connecticut.

17. As an essential job requirement, Plaintiff was required to begin her workday day by connecting to Defendant's website from home on her own personal computer using an identifier provided by Defendant.

18. After connecting to Defendant's website, Plaintiff answered and responded to email messages on Defendant's behalf, received instructions, including instructions about

driving to a particular store or stores, instructions about what to do while at a store or stores, and instructions about what items Plaintiff should transport that day to a store or stores. Plaintiff was also required by Defendant to download and print Planograms, which provide shelf position diagrams for the products that Plaintiff was to address during the assigned calls she made that day. Plaintiff believes, and therefore avers, that these tasks at the beginning of the workday typically took her thirty (30) minutes to perform.

19. After completing her required computer tasks, Plaintiff logged off of Defendant's website.

20. Plaintiff believes, and therefore avers, that Defendant Crossmark has records of each occasion that she has logged onto and off of the company's website.

21. If and when Defendant Crossmark provides Plaintiff with the actual times that she logged onto and off of Defendant's website, Plaintiff can accurately determine how long it took her to perform the tasks on the Crossmark website that she described above.

22. Plaintiff believes, and therefore avers, that Defendant did not fully compensate Plaintiff for all of the time she spent each workday on required computer tasks at the start of the day.

23. After logging off of Defendant's website at the beginning of each workday, Plaintiff was required to load her automobile with materials sent to her by Defendant. Plaintiff was required to transport these materials to assigned retail locations to which she was required to drive. Plaintiff believes that it took her, on average, twenty minutes each morning to complete loading her car with materials. Plaintiff believes, and therefore avers, that Defendant did not fully compensate Plaintiff for the time she spent on this required task each workday.

24. After loading her car, Plaintiff departed home for her first assigned call of the workday. Even though Plaintiff had already begun her workday by logging onto Defendant's website and performing assigned tasks, and by loading her car with Defendant's materials, Defendant never paid Plaintiff wages for the time she spent driving to her first assignment of the day unless the drive exceeded forty (40) miles or took more than one hour. Plaintiffs believes, and therefore avers, that she spent an average of twenty (20) minutes each workday driving from home to her first assignment of the day.

25. During the course of each workday at retail store locations, Plaintiff was required to complete all of the projects assigned her by Defendant at each particular retail store location before leaving for the next assigned retail store location or before leaving for home. Plaintiff believes, and therefore avers, that Defendant paid Plaintiff a fixed amount of time for working on in-store projects even though Plaintiff actually worked longer and, as a consequence, Plaintiff estimates that she has been denied pay for one hour per day that she actually worked.

26. At the end of each workday, Defendant required Plaintiff to once again log-on to its website and report what occurred during the store calls made by Plaintiff that day. This reporting often included uploading digital photographs taken from Plaintiff's cellular telephones to Defendant's website. Plaintiff estimates these tasks at the end of the day typically took one hour to perform. Plaintiff believes, and therefore avers, that Defendant did not fully compensate her for all the time she spent working on these end-of-day reporting tasks.

27. Plaintiff believes, and therefore, avers, that Defendant Crossmark, Inc. has records of each occasion that she has logged onto and off of the company's website.

28. If and when Defendant Crossmark, Inc. provides Plaintiff with the actual times that she

logged onto and off of Defendant's website, Plaintiff can accurately determine how long it took her to perform the tasks on the Crossmark website that she described above.

29. Plaintiff was told by her supervisors that the total amount of time she could report for pay purposes was eight hours per day, which included time spent on computer tasks at the beginning and the end of the day, time spent on in-store projects, and the time spent driving during the course of the workday.

30. Plaintiff does not recall whether or not Defendant paid Plaintiff for having worked more than forty hours in any given workweek.  However, Plaintiff believes, and therefore avers, that even if Defendant paid Plaintiff for having worked more than forty hours in a particular work week, Defendant did not pay Plaintiff the entirety of the overtime that Plaintiff earned.

31. Plaintiff believes, and therefore avers, that Defendant records each day and time that Plaintiff logs onto and off of its website and, therefore, Defendant possesses electronic data that would allow Plaintiff to accurately support her claim as to time she spent performing computer tasks on Defendant's behalf at the beginning and the end of each workday.

32. Plaintiff believes, and therefore avers, that Defendant has records showing each store Plaintiff called on while working for Defendant, which include date, arrival time, and departure time.  Said records would permit Plaintiff to accurately support her claim that she worked hours on Defendant's behalf each week for which she was not compensated by Defendant.

33. Plaintiff believes, and therefore avers, that Defendant failed to pay Plaintiff wages for all hours she actually worked and/or the required premium pay of one-and-one-half times the regular rate of pay for all hours that she worked in excess of 40 per week.

34. Plaintiff believes, and therefore, avers that Defendant has records which show the actual time that Plaintiff spent on Defendant's behalf during any particular work day.

35. Despite having those electronic records which show the actual times that Plaintiff performed work on Defendant's behalf, Defendant required Plaintiff to fill in a manual time sheet and upload the data from the manual sheet to a separate payroll system.

36. Plaintiff believes, and therefore avers, that Defendant violated the provisions of the FLSA, which resulted in damages to Plaintiff in the form of unpaid wages, incurred and incurring costs, and reasonable attorneys' fees.

37. In addition, Plaintiff believes, and therefore avers, that Defendant's FLSA violations were willful, which entitles Plaintiff to an additional amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and/or prejudgment interest, and to an award of attorneys' fees.

38. Pursuant to 29 U.S.C § 216(b), attached to and filed with the instant Complaint as **EXHIBIT 1**, is a Consent to Become Party-Plaintiff form executed by Plaintiff.

39. On February 9, 2011, Plaintiff filed a consent to join a collective class action lawsuit in the matter of Postiglione et al. v. Crossmark Inc., docket number 2:11-cv-00960, which was filed in the Eastern District of Pennsylvania.

40. In Postiglione, on December 20, 2011, at oral argument of Plaintiffs' motion for conditional class certification, Senior Judge Norma Shapiro of this Court stated that Plaintiff's FLSA look-back period would date from February 9, 2011, the initial complaint filing date.

41. On November 16, 2012, Senior Judge Norma Shapiro denied conditional class certification and dismissed Plaintiff's claim without prejudice.

42. The instant complaint is filed pursuant to Judge Shapiro's Order as an individual

7

complaint under the FLSA, and relates back to February 9, 2011, the date that Plaintiff filed her consent to join the collective action lawsuit.

WHEREFORE, premises considered, Plaintiff, pursuant to 29 U.S.C. § 216(b), prays for the following relief:

a.  damages in the amount of her unpaid wages;

b.  an additional amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and/or prejudgment interest;

c.  that Defendant be required to pay Plaintiffs' attorneys' fees;

d.  that Defendant be required to pay the costs and expenses of this action; and,

e.  that Plaintiff be granted such other further relief to which she shows herself entitled.

Respectfully submitted,

PAUL, REICH, & MYERS, PC

/s/ Richard P. Myers
By: Richard P. Myers
PAUL, REICH & MYERS, PA Member of the Firm
Suite 500 1608 Walnut Street,
Philadelphia, PA  19103
215-735- 9200
*Attorneys for Plaintiff*

RALPH A. POWELL ESQUIRE, PC.

/s/ Ralph A. Powell
By: Ralph A. Powell
Ralph A. Powell Esquire, P.C.
526 Pineville Road
Newtown, PA 18940
215-439-7781
*Attorney for Plaintiff*

Dated:  February 15, 2013